**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

WELLON C. DUHART,

Case No: 1:20-cv-314

Plaintiff,

Barrett, J.

v.

Bowman, M.J.

MARK CLEMENT, CEO OF TRIHEALTH,

Defendant.

**REPORT AND RECOMMENDATION**

Plaintiff, who currently resides at a homeless shelter in Batavia, Ohio, has filed a *pro se* civil complaint. (*See* Doc. 1, Complaint).  By separate Order issued this date, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).

### I.      Screening Authority

Congress has authorized federal courts to dismiss a complaint if satisfied that the action is frivolous or malicious.  *Denton v. Hernandez,* 504 U.S. 25, 31, 112 S.Ct. 1728 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams,* 490 U.S. 319, 328-29, 109 S.Ct. 1827 (1989); *see*

*also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir.1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.  The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin,* 630 F.3d 468, 471 (6th Cir.2010) (quoting *Neitzke,* 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  *Erickson v. Pardus,* 551 U.S. 89, 93, 127 S.Ct. 2197 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285 (1976), and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955 (2007) (internal citation and quotation omitted)).  The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting *Twombly,* 550 U.S. at 570); *see also Hill,* 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). The Court must accept

2

all well pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555 (quoting *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

## II.    Plaintiff's Complaint

Plaintiff brings this action against a single Defendant, Mark Clement, who is identified as the "CEO of TriHealth."  Plaintiff alleges that on April 22, 2018, he was "assaulted by staff at the Good Samaritan Hospital," one of numerous hospitals presumed to be owned and/or operated by TriHealth.  Plaintiff does not identify the individuals involved, but alleges that he was charged with assault after police were summoned. Correspondence attached to the complaint reflects that Plaintiff pleaded guilty to a misdemeanor charge of disorderly conduct and trespass arising out of the incident, but was not convicted of an assault charge.  (Doc. 1-1 at 13).  There are no specific allegations against Defendant Clement concerning any interactions he may have had with Plaintiff at the time of the incident or at any other time.  Rather than identifying any specific claims, Plaintiff asks this Court to review his complaint and accompanying exhibits under "Federal and State Laws of Ohio" and to award him $500,000 in monetary damages. (Doc. 1-1 at 4).

### III.     Analysis of Jurisdiction and/or Conceivable Claims

Federal courts are courts of limited jurisdiction; therefore, the undersigned must first consider whether the Court has any subject matter jurisdiction.  Plaintiff has checked every box on the jurisdictional form, suggesting that both federal question and diversity jurisdiction exist.  Based on the identified citizenship of the parties, there does not appear to be any diversity jurisdiction. Additionally, Plaintiff fails to identify any constitutional claim or federal statute which would provide a basis for federal question jurisdiction. *See generally* 28 U.S.C. § 1331 (providing for federal jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."); *McLaughlin v. Cotner,* 193 F.3d 410 (6th Cir.1999) (affirming *sua sponte* dismissal of a suit filed *pro se* for lack of subject matter jurisdiction).

Plaintiff's allegations appear insufficient to give rise to any actionable federal claim. To state a claim for damages relief under 42 U.S.C. § 1983, plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *See Hines v. Langhenry,* 462 Fed. Appx. 500, 503 (6th Cir.2011) (citing *Boykin v. Van Buren Twp.,* 479 F.3d 444, 451 (6th Cir. 2007); *Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir.2003)). Similarly, to state a claim for relief under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999 (1971), plaintiff must allege that a person acting under color of federal law deprived him of a right secured by the Constitution or laws of the United States. *See Yeager v. General Motors Corp.,* 265 F.3d 389, 398 (6th Cir.2001) (citing *Bivens,* 403 U.S. at 395-97; *Ruff v. Runyan,* 258 F.3d 498, 502 (6th Cir.2001) (and cases cited therein).

Plaintiff has not stated a viable § 1983 or *Bivens* claim because the Defendant is

4

a private party (as is Good Samaritan Hospital), and Plaintiff has not alleged any facts indicating that Defendant acted jointly with the state or federal government in his role as CEO of TriHealth. *Cf. Barron v. HCA, Inc.,* No. 3:05–1071, 2006 WL 2850634, at *5–6 (M.D.Tenn. Sept.29, 2006) (holding that the plaintiff had failed to state a federal constitutional claim under § 1983 against private doctors and hospital absent allegations that they "had any involvement with the State").  In addition, it appears that Plaintiff may be attempting to sue Defendant solely in his supervisory role.  However, there is no supervisory liability under 42 U.S.C. § 1983.  Based upon the lack of any federal claim, pendent jurisdiction under 28 U.S.C. § 1367 should not be exercised, even if this Court could conceive of any state-law claims.  *See United States Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130 (1966); *see also Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir.2009) (quoting *Wojnicz v. Davis,* 80 Fed. Appx. 382, 384-85 (6th Cir.2003)) ("If the federal claims are all dismissed before trial, the state claims generally should be dismissed as well.").

### IV.     Conclusion and Recommendation

For the reasons stated, **IT IS RECOMMENDED THAT** Plaintiff's complaint be **DISMISSED** as frivolous under 28 U.S.C. § 1915(e)(2)(B) and for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3).  Based upon the lack of any arguable basis for appeal either in law or in fact, **IT IS FURTHER RECOMMENDED** that the trial court certify in writing that no appeal may be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Neitzke,* 490 U.S. at 325.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

5

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

WELLON C. DUHART,

                                                     Case No: 1:20-cv-314

                   Plaintiff,                             Barrett, J.

     v.                                              Bowman, M.J.

MARK CLEMENT, CEO OF TRIHEALTH,

                   Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within FOURTEEN (14) DAYS of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within FOURTEEN (14) DAYS after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).